**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WELLDY JOSUE SEVILLA TORRES,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-850-KC** |
| **MICHAEL WATKINS et al.,** | § § § | |
| **Respondents.** | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Welldy Josue Sevilla Torres's Petition for a Writ of Habeas Corpus, ECF No. 1.  Sevilla Torres is detained at the Camp East Montana detention center in El Paso, Texas.  *Id.* ¶ 2.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 13–15.

Sevilla Torres has lived in the United States for the past twenty-four years.  *Id.* ¶ 13.  On December 12, 2025, he was detained by immigration authorities.  *Id.* ¶ 11.  Sevilla Torres does not have a final order of removal.  *Id.*  As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Sevilla Torres's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than April 3, 2026**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo*

*v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 27th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2